UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTA ANGELICA HURTADO,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:14-cv-0323 KJM KJN<br><br>ORDER |

      Defendants County of Sacramento, Sacramento County Sheriff's Department, Sheriff Scott Jones, Deputy David Cuneo, Deputy Grant Haney, and Deputy Eric Duncan have filed a motion to dismiss plaintiff's complaint. The court ordered it submitted without a hearing and now GRANTS the motion.

I. BACKGROUND

      Plaintiff filed a complaint on January 30, 2014, alleging generally that defendants subjected her to excessive force in violation of the Fourth Amendment and Article I, Section 13 of the California Constitution. ECF No. 1. The court granted plaintiff's request to proceed in forma pauperis on May 6, 2014. ECF No. 4.

      On May 7, 2014, the court issued its standing order in this case. One provision of that order provides that before filing a motion, "counsel shall engage in a pre-filing meet and

/////

1

1 confer to discuss thoroughly the substance of the contemplated motion and any potential

2 resolution." ECF No. 5-1 at 3.

3       Defendants filed their motion to dismiss on July 11, 2014, seeking, among other

4 things, that the complaint be dismissed in its entirety as to the County, the Sheriff's Department,

5 and the Sheriff.   ECF No. 7-1 at 5-6.

6       Plaintiff filed her opposition on July 25, 2014, but noted she did not oppose

7 defendant's request to dismiss the complaint against the County, the Sheriff's Department and the

8 Sheriff.  ECF No. 9 at 10.  Neither party has explained why this issue was not resolved during the

9 required meet and confer.  Nonetheless, these two defendants will be dismissed with prejudice.

10 II.  ALLEGATIONS OF THE COMPLAINT

11       On the evening of April 20, 2013, the Sacramento County Sheriff's dispatch

12 received a complaint of loud music coming from the vicinity of 8149 Dillard Road in Wilton.

13 ECF No. 1 ¶ 17.  Deputies Cueno, Haney and Duncan were dispatched to the area and entered the

14 property around 10:30 p.m.  *Id*.  ¶ 18.  Plaintiff was among the guests, there to celebrate her

15 uncle's eightieth birthday; her husband, Octavio Palmas, was the disc jockey for the occasion.

16 *Id*. ¶¶ 16, 18.  Palmas turned the music off at the deputies' request.  *Id*. ¶ 18.

17       The deputies left 8149 Dillard Road, but parked about three quarters of a mile

18 away to clear the call.  They claim to have received two additional noise complaints, but did not

19 respond right away.  *Id*. ¶ 19.  When, after thirty minutes had passed, they could still hear the

20 music, the deputies returned to 8149 Dillard Road.   *Id*. ¶ 20.

21       At 11:40 p.m., the deputies entered the property over the objection of some of the

22 party guests.  *Id.* ¶ 22.  According to police reports, as Deputy Duncan was talking to Palmas,

23 some of the guests began to gather around him.  *Id*. ¶ 24.  Palmas said the deputies were

24 trespassing and asked them to leave.  *Id*.  The deputies detained Palmas and Duncan placed him

25 in the patrol car. *Id*. ¶¶ 25-26 .

26       Upset at seeing her husband detained, plaintiff approached Cuneo to ask what was

27 happening.  *Id*. ¶ 28.  Cuneo put his hands on plaintiff's breasts and shoved her, causing her to

28 fall backwards onto the concrete and strike her head.  *Id*.  Plaintiff got to her feet and walked

2

toward the house, but Cuneo chased her and struck her with a couch before handcuffing her. *Id*. ¶ 29. Neither plaintiff nor any of her family members had reacted with hostility toward the deputies. *Id*. ¶ 24.

II. STANDARDS FOR A MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's

consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

IV.  ANALYSIS

Defendant Cuneo does not challenge the sufficiency of the pleading, but defendants Haney and Duncan argue the complaint shows they were not involved in the use of force against plaintiff.  Mot. to Dismiss, ECF No. 7-1 at 5.  They also argue there is no private right of action under Article I, Section 13 of the California Constitution.  *Id*. at 6.

   A.  Defendants Duncan and Haney

A claim under 42 U.S.C. § 1983 has two elements: (1) a violation of a federal constitutional or statutory right, (2) committed by a person acting under state law. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  In addition, the person acting under color of state law must have personally participated in the acts giving rise to the claim or "set in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *McMillan v. Virga*, No. 2:14–cv–1106 CKD P, 2014 WL 2093572, at *2 (E.D. Cal. May 19, 2014) (stating a plaintiff must show how each defendant participated in the deprivation of rights).  A defendant is a personal participant in an alleged deprivation of rights "'if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation . . . .'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson*, 588 F.2d at 743) (emphasis in original).

Defendants Duncan and Haney point out that the complaint does not connect them with Cuneo's alleged uses of force against plaintiff, but in fact suggests Duncan was not in the area because he had taken Palmas to the patrol car.  ECF No. 7-1 at 5.

1    Plaintiff argues Duncan and Haney unlawfully entered the property, unlawfully
2 arrested Palmas and then stood by as Cuneo shoved her to the ground and hit her.  ECF No. 9 at
3 7.
4    Defendants counter that the entry onto the property and the arrest of Palmas did
5 not violate plaintiff's rights and that, even assuming the court can consider the allegations in
6 opposition, the claim that the defendants "stood by" is not sufficient.  ECF No. 10 at 2.
7    First, the allegations about Haney's and Duncan's unlawful entry onto the property
8 and arrest of Palmas cannot be a part of plaintiff's claim for the violation of her Fourth
9 Amendment rights.  *See Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1170 n.5 (9th
10 Cir. 2013) ("'Fourth Amendment rights are personal rights which, like some other constitutional
11 rights, may not be vicariously asserted.'" (quoting *Alderman v. United States*, 394 U.S. 165, 174
12 (1969)).
13    Second, the court cannot consider plaintiff's somewhat expanded description of
14 Haney's and Duncan's roles in evaluating the sufficiency of the complaint.  *Schneider v. Cal.*
15 *Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule
16 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers,
17 such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original).
18 As the complaint does not describe Duncan's or Haney's personal participation in Cuneo's use of
19 force, the motion to dismiss in this respect is well taken.
20    Even though the complaint fails to state a claim as to defendants Duncan and
21 Haney, plaintiff will be given leave to amend, if she is able to do so consonant with Rule 11 of
22 the Federal Rules of Civil Procedure.
23   B.  Right of Action under the California Constitution
24    Article I, Section 13 of the California Constitution provides in part:  "The right of
25 the people to be secure in their persons, houses, papers, and effects against unreasonable seizures
26 and searches may not be violated . . . ."
27    Defendants argue that Section 13 does not create a private right of action.  *See,*
28 *e.g.*, *McLain v. City & Cnty. of San Francisco*, No. C 12–3225 MEJ, 2014 WL 465595, at *14

(N.D. Cal. Feb. 3, 2014) (stating no California case has found a private right of action under this section); *Buzayan v. City of Davis Police Dept.*, No. 2:06-cv-01576-MCE-DAD, 2007 WL 2288334, at *8 (E.D. Cal. Aug. 8, 2007) (rejecting the plaintiff's claim under Art. I, § 13). Plaintiff cites to *Millender v. Cnty. of Los Angeles*, No. CV 05-2298 DDP (RZx), 2007 WL 7589200, at *40 (C.D. Cal. Mar. 15, 2007), *reversed on other grounds, Messerschmidt v. Millender*, 131 S. Ct. 3057 (2011), and *Camarillo v. City of Maywood*, No. CV 07-3469 ODW (SHx), 2008 WL 4056994, at *6 (C.D. Cal. Aug. 27, 2008), which have recognized such a claim. None of these cases cited by either party are binding on this court.

In *Katzberg v. Regents of the University of California*, the California Supreme Court established a framework for deciding whether a constitutional provision gives rise to a private right to damages. 29 Cal.4th 300 (2002). In the first step, a court must determine whether there is evidence suggesting an intention to authorize or withhold a damages remedy, including the language and history of the constitutional provision and any pertinent common law. *Id.* at 317. If the court finds no affirmative intent regarding a damages remedy, the court must then "undertake the 'constitutional tort' analysis adopted by *Bivens* [*v. Six Unknown Federal Narcotic Agents*, 403 U.S. 388 (1971)] . . . ." *Id.* Factors relevant to this inquiry include "whether an adequate remedy exists, the extent to which a constitutional tort action would change established tort law, and the nature and significance of the constitutional provision." *Id.* If those factors "militate against recognizing the constitutional tort," the inquiry ends. *Id.* If they favor recognizing the tort, however, the court must examine "any special factors counseling hesitation . . . including deference to legislative judgment, avoidance of adverse policy consequences, considerations of government fiscal policy, practical issues of proof, and the competence of courts to assess particular types of damages." *Id.*

Neither party has undertaken the *Katzberg* analysis, relying instead on cases that do not control this court's resolution of the issue. Plaintiff does not even attempt to address the nuanced inquiries *Katzberg* requires and the court declines to undertake the inquiry on her behalf. *See Adams v. Kraft*, No. 5:10-CV-00602 LHK, 2011 WL 3240598, at *16 (N.D. Cal. July 29, 2011) (declining to determine whether a damages remedy is available under Article I, § 2 because

of inadequate briefing on the *Katzberg* factors; collecting cases which did the same). The motion to dismiss this claim is granted without prejudice.

IT IS THEREFORE ORDERED that the motion to dismiss is granted as follows:

1. Defendants Sacramento County, Sacramento County Sheriff's Department, and Sheriff Scott Jones are dismissed with prejudice;

2. Defendants Duncan and Haney are dismissed without prejudice, and plaintiff is given leave to amend the claim as to them;

3. Plaintiff's claim for a violation of Article I, Section 13 of the California Constitution is dismissed without prejudice; plaintiff is given leave to amend this claim if she is able; and

4. Plaintiff's amended complaint is due within twenty-one days of the date of this order.

DATED: August 19, 2014.

_____
UNITED STATES DISTRICT JUDGE